**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

LINDSEY TAYLOR,                          Case No. 1:23-cv-506
          Plaintiff,
                                         McFarland, J.
          vs.                            Litkovitz, M.J.

EXPERIAN, et al.,                        **REPORT AND**
          Defendants.                    **RECOMMENDATION**


Plaintiff, a resident of Hamilton, Ohio, has filed a pro se civil complaint against

Experian PLC and Consumerinfo.com Inc. DBA Experian Consumer Direct.   (Doc. 1-1).   By

separate Order, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28

U.S.C. § 1915.

This matter is now before the Court for a s*ua sponte* review of the complaint to determine

whether the complaint or any portion of it should be dismissed because it is frivolous, malicious,

fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant

who is immune from such relief.   *See* 28 U.S.C. § 1915(e)(2)(B).

### Screening of Complaint

#### A.    Legal Standard

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant

whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an

economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits."   *Denton*

*v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)).

To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in*

*forma pauperis* complaint if they are satisfied that the action is frivolous or malicious.   *Id.*; *see*

*also* 28 U.S.C. § 1915(e)(2)(B)(i).   A complaint may be dismissed as frivolous when the

plaintiff cannot make any claim with a rational or arguable basis in fact or law.  *Neitzke,* 490 U.S. at 328-29; *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990).   An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist.  *Neitzke,* 490 U.S. at 327.   An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible."  *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199.   The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness.  *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted.  28 U.S.C. § 1915 (e)(2)(B)(ii).   A complaint filed by a pro se plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)).   By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).   The Court must accept all well-

pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

### B.     Plaintiff's Complaint

Plaintiff's complaint alleges this is a civil action brought under the Fair Credit Reporting Act (FRCA), 15 U.S.C. § 1681p. Plaintiff alleges that defendant Experian is a consumer reporting agency under the FCRA and defendant Consumerinfo.com Inc. is a subsidiary of Experian.

The complaint alleges that plaintiff submitted three complaints through the Consumer Finance Protection Bureau (CFPB) portal "for improper use of a credit report" on December 3[1], May 4, 2023, and May 17, 2023. (Doc. 1-1 at PAGEID 5). Plaintiff demanded that "19 accounts [be] removed per 15 U.S.C.§ [sic]." (*Id.*). She alleges that "defendant" responded on February 2, 2023 (59-day response time), June 12, 2023 (40-day response time), and July 15, 2023 (59-day response time). The complaint alleges that "[d]efendant's responses are largely automated" and a "stall tactic." (*Id.*).

---

[1] The complaint does not specify a year.

Plaintiff states her "initial complaint compelled a duty of the defendant to comply with demands of the 'consumer' under 15 U.S. Code § 1681 602(a), 604(a)." (*Id.*). She alleges defendant's December 23, 2022 interim response stated defendant was "in the process of contacting data furnishers or public vender [sic] to verify the accuracy of the information for which I disagree." (*Id.*). The complaint states:

- Plaintiff did not request a validation.
- Defendant claimed to verify six third party claims. (Debt purchaser)
- The defendant could not legally verify these accounts.
- Defendant's subscribers have not produced a legally binding contract.
- Defendant's subscribers cannot produce a statement of true accounting show a debt/loss due to the Plaintiff.
- Plaintiff would never entertain "paying money" [to] a third-party debt collector if not for negative credit reporting.
- Plaintiff refuses to pay money to any persons who never loaned plaintiff money.
- Defendant gains more subscribers/clients by allowing this.
- Defendant knowingly violates public policy created to regulate it.
- Defendant has a massive web of subsidiaries, "partners."
- Defendant sells Plaintiff[']s data to its own partner companies.
- Profiting multiple times off the same data.
- Defendants never risk their own assets.
- According to the website of the defendant, annual revenue is 6.3 billion.

(*Id*. at PAGEID 6). Plaintiff alleges that defendant "never received my written permission to furnish an account" and "is still reporting inaccuracies, incomplete information." (*Id*. at PAGEID 7).

The complaint further alleges that "[d]efendants play a HUGE role in predatory lending[,]" sell consumer data to credit lenders, marketing companies, and political parties, and are motivated "not to correct the errors." (*Id*. at PAGEID 7-8). She alleges that "[d]efendants libel plaintiff based on hearsay" and "cannot produce one statement of true accounting legally verifying a debt of LINDSEY TAYLOR." (*Id*. at PAGEID 9).

4

The complaint also alleges:

- Plaintiff has been denied credit extension for consumer credit transactions, her RIGHT as stated in TILA 15 U.S. Code § 1602 (f) credit on several occasions.
- Plaintiff had a humiliating experience at an automotive dealership after "pulling credit Report" of plaintiff.
- The auto dealer decided Plaintiff was not a worthy consumer after viewing Plaintiff's consumer report.
- Plaintiff i[s] not claiming that auto dealer used the report of the defendant rather their system.
- Plaintiff expressed her rights granted by God, backed by the Truth in Lending Act.
- The auto dealer, who is a participant in the truth in lending act, still denied me service.
- Denial of Plaintiff's RIGHT to Credit has kept her trapped in an abusive Relationship.

(*Id.* at PAGEID 11).

Attached to and incorporated in the complaint are three exhibits.  Exhibit A is what plaintiff characterizes as a "Consumer Report, Reflects defendant Reverified as correct.  There is no evidence that the defendant took necessary steps to obtain the pertinent document, which would enable it to evaluate plaintiff's contentions. . . ."  (*Id.* at PAGEID 12, Ex. A).  Exhibit B contains examples of daily marketing emails sent by defendants to plaintiff, which plaintiff states are misleading.  Exhibit C are the "terms & conditions from defendant #2 that I never knew I had consented to until my final night proofreading this very complaint."  (*Id.* at PAGEID 12).

Plaintiff alleges claims against defendant Experian under the FCRA and state law for defamation, unjust enrichment, and conspiracy.  With respect to her FCRA claim, plaintiff alleges:

Experian willfully failed to comply with the requirements imposed under the FCRA, 15 U.S.C. § 1681 et seq., including but not limited to:

a. failing to follow reasonable procedures to assure maximum possible

accuracy of the information in consumer reports, as required by 15 U.S.C.
§ 1681e.
b. failing to comply with their investigation requirements in 15 U.S.C. §
1681i.
c. providing plaintiff[']s credit file to companies without determining that
these companies had a permissible purpose to obtain plaintiff[']s credit file
pursuant to U.S.C. § 168lb.

(*Id.* at PAGEID 13-14).   Plaintiff brings state law claims of unjust enrichment and conspiracy

against defendant Consumerinfo.com Inc.   Plaintiff seeks monetary and injunctive relief.

####    C.    Resolution

Under the FCRA, credit reporting agencies are required to "follow reasonable procedures

to assure maximum possible accuracy of the information concerning the individual about whom

the report relates."   *Twumasi-Ankrah v. Checkr, Inc.*, 954 F.3d 938, 941 (6th Cir. 2020) (quoting

15 U.S.C. § 1681e(b)).   A credit reporting agency that negligently or willfully violates this rule

is subject to suit by an aggrieved consumer.   *Id.* (citing § 1681n (allowing private right of action

for willful noncompliance), § 1681o (same, for negligent noncompliance)).   To state a claim for

relief under 15 U.S.C. § 1681e(b), plaintiff must show: "(1) the defendant reported inaccurate

information about the plaintiff; (2) the defendant either negligently or willfully failed to follow

reasonable procedures to assure maximum possible accuracy of the information about the

plaintiff; (3) the plaintiff was injured; and (4) the defendant's conduct was the proximate cause

of the plaintiff's injury."   *Id.* (quoting *Nelski v. Trans Union, LLC*, 86 F. App'x 840, 844 (6th

Cir. 2004)).   "[T]o state the first element of a claim under § 1681e(b), a plaintiff may allege that

a CRA [credit reporting agency] reported either 'patently incorrect' information about them or

information that was 'misleading in such a way and to such an extent that it [could have been]

expected to have an adverse effect [on the consumer].'"   *Id.* at 942 (quoting *Dalton v. Capital*

*Associated Indus., Inc.*, 257 F.3d 409, 415 (4th Cir. 2001) (alterations omitted)).

Plaintiff fails to state a claim for relief under § 1681e(b).   Plaintiff does not allege facts showing either defendant reported inaccurate information about her that caused her injury.   Nor does plaintiff identify any particular inaccuracy in her credit report.   Plaintiff's conclusory allegation that Experian failed "to follow reasonable procedures to assure maximum possible accuracy of the information in consumer reports" does not state a plausible claim for relief. (Doc. 1-1 at PAGEID 13).

Likewise, plaintiff fails to allege any facts showing how either defendant failed to comply with § 1681i investigation requirements.   Section 1681i requires a consumer reporting agency to conduct a reasonable reinvestigation of disputed information in a consumer's file.   15 U.S.C. § 1681i(a).   Here, however, plaintiff fails to identify the particular information that is disputed or allege how any reinvestigation did not satisfy the statute's requirements.   *See Dickens v. Trans Union Corp.*, 18 F. App'x 315, 319 (6th Cir. 2001) ("other than simply stating that [the defendant] did not adequately and reasonably reinvestigate his dispute, [the plaintiff] points to nothing in the record to show that [the defendant's] reinvestigation somehow fell short of . . . § 1681i's requirements.").   Rather, plaintiff parrots the language of the statute without fleshing out the facts to enable the Court to understand what the defendants actually did to violate FCRA.

Finally, the complaint fails to state a claim for relief under 15 U.S.C. § 1681b.   The FCRA "regulates the permissible uses of 'consumer reports,' which summarize credit history and credit worthiness, *see* 15 U.S.C. § 1681b, and creates a private right of action allowing injured consumers to recover for negligent and willful violations of the Fair Credit Act."   *Bickley v. Dish Network, LLC*, 751 F.3d 724, 728 (6th Cir. 2014) (citing 15 U.S.C. §§ 1681n, 1681o).

Consumer reporting agencies may not furnish a consumer's credit report to third parties except in the circumstances listed in § 1681b. Plaintiff appears to allege that defendants injured her by providing consumer reports to third parties for impermissible purposes, i.e., those not listed in § 1681b. However, plaintiff alleges no facts in support of this claim, and her complaint contains no more than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. Plaintiff does not identify the specific credit reports provided to third parties; the identity of such third parties; or the allegedly impermissible purpose for which the credit reports were provided. The Court is unable to discern any plausible claim for relief under § 1681b. Plaintiff's complaint simply provides no factual content or context from which the Court may reasonably infer that defendants violated plaintiff's rights under the FCRA.

Insofar as plaintiff is alleging claims under Ohio law, the Court should decline to exercise supplemental jurisdiction over those claims. *See Harper v. AutoAlliance Int'l, Inc.,* 392 F.3d 195, 210 (6th Cir. 2004) (although the exercise of supplemental jurisdiction under 28 U.S.C. § 1367 is a matter of discretion, when a court dismisses all federal claims before trial, it generally should dismiss the state law claims as well).

Accordingly, the complaint fails to state a claim upon which relief may be granted and should be dismissed under 28 U.S.C. § 1915(e)(2)(B).

## IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's complaint be **DISMISSED** with prejudice.

2. The Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith

and therefore deny plaintiff leave to appeal *in forma pauperis*.   Plaintiff remains free to apply to proceed *in forma pauperis* in the Court of Appeals.   *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.,* 105 F.3d 274, 277 (6th Cir. 1997).

Date: 8/15/2023

Karen L. Litkovitz, Magistrate Judge
United States District Court

9

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

LINDSEY TAYLOR,                                   Case No. 1:23-cv-506
            Plaintiff,
                                                  McFarland, J.
        vs.                                       Litkovitz, M.J.

EXPERIAN PLC, et al.,
            Defendants.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), WITHIN 14 DAYS after being served with a copy of

the recommended disposition, a party may serve and file specific written objections to the

proposed findings and recommendations.    This period may be extended further by the Court on

timely motion for an extension.   Such objections shall specify the portions of the Report

objected to and shall be accompanied by a memorandum of law in support of the objections.   If

the Report and Recommendation is based in whole or in part upon matters occurring on the

record at an oral hearing, the objecting party shall promptly arrange for the transcription of the

record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems

sufficient, unless the assigned District Judge otherwise directs.   A party may respond to another

party's objections WITHIN 14 DAYS after being served with a copy thereof.   Failure to make

objections in accordance with this procedure may forfeit rights on appeal.   *See Thomas v. Arn*,

474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

10